21h 577
174 NY 184

RUDOLPH LEXOW, APPELLANT, *v.* JAMES JULIAN, RESPONDENT.

*An erroneous statement as to whether or not a certain debt is a lien upon a specified security is not a misrepresentation for which an action will lie—nor is a promise to do some future act one—all prior promises are merged in the final written agreement.*

APPEAL from a judgment in favor of the defendant entered on a dismissal of the complaint ordered at the Circuit.

This action was brought to recover damages for alleged fraudulent misrepresentations, by which the plaintiff was induced to consent to the settlement and discontinuance of an action which he had brought in the Court of Common Pleas, as a broker, for an indebtedness contracted in a fiduciary capacity, and in which action the plaint-

iff had caused the defendant to be arrested. The agreement for the settlement and discontinuance of the action in the Common Pleas was in writing, expressing the consideration for which the same was made, which was, in substance, the payment of $500 and the giving of four promissory notes payable at future periods. The defendant, was, at that time, a member of the Board of Stockbrokers, and the owner of a seat in the Stock Exchange. The alleged fraudulent misrepresentations consisted in statements and promises made at the time of the settlement, to the effect that his indebtedness to the plaintiff was a lien upon his seat in the Stock Exchange, and that he could not and would not sell the same without paying the indebtedness to the plaintiff. Nothing of this kind was contained in the written agreement, but the statement and promises were oral and were claimed to have been the inducements to the making of the agreement.

The Court at General Term said : " Upon what precise ground the court below dismissed the complaint does not distinctly appear, but, it seems to us, that the representations and promise were not a sufficient basis for an action for fraud. . The representation that the plaintiff's indebtedness was, or would be, a lien upon the seat in the Stock Exchange, could, at most, be regarded as nothing more than the expression of an opinion as to the right the plaintiff would have, as a matter of law, to a lien upon the seat. The opinion was doubtless a mistaken one, and the plaintiff had every requisite facility to ascertain whether it was sound in law and fact or not. And if he accepted the opinion of the defendant upon such a subject, he is not and ought not to be permitted to allege that the assertion of the opinion was a fraudulent representation, by which he was deceived. If A. be indebted to B. in a sum of money for which an action is pending, the assertion of A. that the debt is a lien upon any specific property or thing, made as an inducement to the settlement, is not in itself such a representation of an existing fact as the law requires as a sufficient ground for an action for deceit.

" The further statement of the defendant that he could not and would not dispose of the seat without providing for the plaintiff's indebtedness, cannot, we think, have any other construction than a

mere promise not to do something *in future* in respect to the seat. As such promise, it cannot be regarded as a fraudulent representation of an existing fact, and, regarded as a mere promise, it could not be the basis of an action for its non-performance, because not embodied in the written instrument into which the parties entered for the settlement of existing litigation. We think that the court below properly disposed of the case by the dismissal of the complaint."

*Charles Wehle*, for the appellant.

*G. S. Van Pelt*, for the respondent.

Opinion by DAVIS, P. J.; BARRETT, J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Judgment affirmed.